PERCY GOFF, Respondent-Appellant, v PRINCETON SKI BOWL, INC., et al., Appellants-Respondents, et al., Defendants.—Cross appeals from a judgment of the County Court of Greene County, entered May 4, 1976, upon a decision of the court at a Trial Term without a jury, which declared plaintiff to be the owner of a certain parcel of property. In this action under article 15 of the Real Property Actions and Proceedings Law, plaintiff has been adjudged to be the owner of a certain parcel of real property in Greene County despite the conflicting assertions of others to ownership of the same or a portion of the same land. Sharing a common interest, the defendants Lane and the defendant Princeton Ski Bowl, Inc., appeal from that determination, but they no longer contest the validity of plaintiff's superior record title to the premises in question. Instead, they contend that the trial court ruled incorrectly on their alternative claim of ownership thereto by adverse possession and that it failed to give proper legal effect to a 1956 transaction by which they had made some effort to resolve their dispute with plaintiff concerning the property. As to their first argument, it was necessary for defendants to show continuous possession of the parcel in an adverse fashion for 15 years prior to the commencement of this action in July of 1968. However, their claimed color of title was grounded on a deed dated September 11, 1953 from James C. and Robert M. Johnson, and it was plain that the lands purportedly conveyed by that instrument had not previously been improved, cultivated or protected by a substantial enclosure. Thus, even if defendants satisfied all the elements needed to complete title by adverse possession after that date, it was their further burden to prove that

the immediate predecessors of record had at least used the property "for the supply of fuel or fencing timber, either for the purposes of husbandry or for the ordinary use of the occupant" (Real Property Actions and Proceedings Law, § 512, subd 3). There was no evidence that the Johnsons had acquired title by adverse possession; indeed, there was no testimony that the particular land in issue had ever been used or possessed by them with any degree of regularity or exclusivity. Sporadic timbering efforts by the Johnsons were not detailed as to time or location and there was no indication whatever that such activities had taken place within the two- to three-month period in 1953 vital to defendants' claim. Defendants' entry on the parcel and actions while there during that time do not aid their position for such conduct was plainly not of a hostile character as it occurred with the permission of the Johnsons while negotiations to purchase the property were continuing. Accordingly, whether defendants rely on tacking under the Johnsons or stand on their own acts of dominion, they did not establish an adversity of possession for the requisite length of time. The record discloses that in 1956 the parties to this appeal attempted to settle their respective claims of record title to the property. Plaintiff was to quitclaim certain lands in exchange for $500 and the parties were to share in the costs of an action to quiet title seeking to extinguish yet another potential claim to the premises. Although plaintiff received the money and deposited his quitclaim deed with the attorney who was to prosecute the matter, the action was never commenced and the deed, which had not been recorded, was later canceled. It is apparent that plaintiff withdrew from this proposal following a long period of indecision on the part of defendants and, even if some contractual liability attaching to him could be found, they obtained no interest in the disputed parcel by virtue of that quitclaim deed since plaintiff then had none to pass in any event. However, we reject plaintiff's cross appeal from that portion of the judgment directing the return of the $500 for he was not entitled to retain those proceeds upon termination of the transaction and, having submitted himself to the jurisdiction of the court, equity plainly called for such a disposition. Judgment affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur.